Opinion by
Will-son, J.
§ 66. Continuance; application for must show due diligence. Appellant made application for a continuance of the cause because of the absence of the testimony of a witness. Appellant had propounded interrogatories to this witness, but had not obtained the depositions of the witness, because said witness, as alleged, had not been found, his residence not being where appellant supposed it to be when the interrogatories were filed and the commission sued out. It was shown by a counter affidavit that, about one month before the trial, appellant’s attorney had been informed by appellee’s attorney that the said witness resided in San Antonio, Texas, and not in Howard county, Texas, where appellant alleged he had supposed said witness resided. But no effort was made by appellant to obtain the testimony of said witness after this information was received, and it is not shown or pretended that said witness did not in fact, at that time, reside at San Antonio, or that his depositions could not have been procured in time for the trial. Held, that the application failed to show due diligence used to obtain the testimony of the witness, and that the court did not err in refusing the application.
*56 § 67. Trial by judge; conclusions of fact and law; negligence is a question of fact. This case was tried by the' judge without a jury, and his conclusions of fact and of law are as follows: “ The court concludes and finds, from the evidence, that the plaintiff Hoskins was the owner of the five bales of cotton mentioned and- described in the account sued on; that he had placed the same in the hands of O. 0. Wilson & Co. for shipment, and that said Wilson & Co. placed said five bales of cotton, along with other cotton, on their platform for shipment on defendant’s road; that, while said cotton was upon said platform, on the 30th of January, 1883, four bales of tho same were entirely destroyed by fire, and another partially destroyed; that said cotton so destroyed was of the value of $108.05. The court further finds that C. 0. Wilson & Co.’s platform adjoins defendant’s platform on the west, and extends around it a few feet on the south, and is situated south of, and parallel with, defendant’s railroad track in the town of Terrell. That said platform of' Wilson & Co. is mainly situated on defendant's right of way grounds, and that said Wilson & Co. hold possession of said ground or land upon which said platform is erected by virtue of a lease from defendant, which said lease contains a stipulation that the said railway company shall not be responsible for fire occasioned by its engines. The court further concludes that plaintiff Hos-kins was entirely ignorant of the terms and stipulations of the lease. The court further concludes and finds that said cotton was destroyed by fire kindled from sparks emitted from defendant’s engine No. 762; that the sparks thus thrown first set fire to cotton on defendant’s own platform, which fire extended to and destroyed plaintiff’s cotton on C. C. Wilson & Co.’s platform. The court further finds that said engine had no forward damper, and that the netting and other fixtures to prevent the escape of fire were out of repair, and that said fire was permitted to escape from defendant’s engine through the negligence of its servants and employees. The court *57 further concludes that defendant’s engineer in charge of engine No. 762 was guilty of negligence in running said engine several times near said cotton while engaged in switching. The court further finds that the plaintiff and 0. 0. Wilson & Co., or either of them, were not-guilty of contributory negligence in the placing the cotton upon the platform, nor in taking care of same so as to prevent its destruction by fire.
“The court concludes that it is the settled law in this state, that if any person negligently causes the destruction of the property of another by fire, he shall be compelled to make restitution in damages equal in amount. to the value of the property destroyed by him. The court further concludes that the law forbids any railroad corporation, without express authority in its charter, to make a lease of any portion of its right of way grounds in such a manner as to protect itself from liability from fires kindled negligently by its engines, as such authority would be ultra vires, or wholly beyond its power, and would be in contravention of public policy.”
Appellant’s counsel contend that the conclusions of the judge, that there was negligence on the part of appellant, but no contributory negligence on the part of appellee, are not supported by the evidence. When issues of fact are submitted for determination to a j udge, his findings thereon are entitled to the same weight and conclusiveness as would be the verdict of a jury upon the same evidence. Negligence, or the absence of negligence, are questions of fact ordinarily, and not questions of law. In the opinion of this court the judge’s conclusions of fact are supported by the evidence.
§ 68. Conclusion of law as to the lease. It is objected that the judge erred in his conclusion of law, “that the law forbids any railroad corporation, without express authority in its charter, to make lease of any portion of its right of way grounds in such manner as to protect itself from liability from fires kindled negligently by its engines,” etc. Whether or not this conclusion is *58 •correct is not material in this case, because the terms of the lease could in no way affect the rights of appellee, he being wholly ignorant thereof. It might be conceded that said stipulation was valid as between the parties to the lease, and yet appellee would in no manner be bound by it, having no notice of it.